# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN O'CONNOR,** | ) | Case No. |
| c/o Friedman & Nemecek, LLC | ) | |
| 1360 East 9th Street, Suite 650 | ) | **JUDGE** |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT WITH JURY** |
| v. | ) | **DEMAND** |
| | ) | |
| **OFFICER JOHN KAZIMER** | ) | |
| c/o Cleveland Police Department | ) | |
| 1300 Ontario Street | ) | |
| Cleveland, OH 44113 | ) | |
| Individually and in His Official | ) | |
| Capacity as an Employee of the City of | ) | |
| Cleveland, Ohio, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CITY OF CLEVELAND** | ) | |
| 601 Lakeside Avenue | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MAYOR FRANK JACKSON** | ) | |
| 601 Lakeside Avenue | ) | |
| Cleveland, OH 44114 | ) | |
| In His Official Capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CHIEF CALVIN WILLIAMS** | ) | |
| **SAFETY SERVICE DIRECTOR** | ) | |
| **MICHAEL MCGRATH** | ) | |
| c/o Cleveland Police Department | ) | |
| 1300 Ontario Street | ) | |
| Cleveland, OH 44113 | ) | |
| In Their Official Capacities as | ) | |
| Employees of the City of Cleveland, | ) | |
| Ohio, | ) | |
| | ) | |

| | |
|---|---|
| and | ) |
| | ) |
| **JOHN DOES 1-5** | ) |
| **(names presently unknown and** | ) |
| **undiscoverable)** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## I. PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Plaintiff Ryan O'Connor's First and Fourth Amendment constitutional rights, applied to the States by the Fourteenth Amendment, as well as state law claims for assault and battery.

2. On May 25, 2020, in Minneapolis, Minnesota, George Floyd, a black man, was murdered by the police.

3. Derek Chauvin, a white police officer, knelt on Georgy Floyd's neck for 8 minutes and 46 seconds. George Floyd pled for his life repeatedly stating, "I can't breathe." Witnesses also begged for Chauvin to remove his knee from Floyd's neck. Each of the officers involved ignored cries to stop and sadly, George Floyd died.

4. George Floyd's death sparked pain and outrage around the entire world.

5. As a result of the systemic racism in police departments nationwide and the reprehensible brutal killings of black people at the hands of police in the United States, public protests justifiably erupted worldwide.

6. On May 30, 2020, protests to end police brutality assembled in the City of Cleveland. The City of Cleveland both expected and had advanced notice of the protest.

7. The First Amendment to the United States Constitution guarantees the right to peacefully criticize the government through lawful and symbolic speech.

8. The First Amendment also prohibits a public official from retaliating against an individual exercising his or her First Amendment rights.

9. The Fourth Amendment to the United States Constitution guarantees the right to be free from excessive force by police.

10. Plaintiff Ryan O'Connor's constitutional rights were violated on May 30, 2020. On that day, Plaintiff attended the protest against police brutality where he was subjected to the very thing that he was protesting – police brutality.

11. On May 30, 2020, Defendant John Kazimer retaliated against Plaintiff to stifle free speech and used excessive force against Plaintiff in violation of the First and Fourth Amendments.

12. Plaintiff brings this civil rights action to secure fair compensation and for non-economic relief which is meant to encourage Cleveland police officers to refrain from unconstitutional conduct against citizens in the future.

13. The violation of Plaintiff's First and Fourth Amendment rights occurred because Defendants City of Cleveland, Mayor Frank Jackson, Chief Calvin Williams, and Director Michael McGrath failed to have adequate policies and procedures in place which would ensure that protesters' constitutional rights were not violated.

14. Instead of protecting Plaintiff's constitutional rights, Defendants City of Cleveland, Mayor Frank Jackson, Chief Calvin Williams, and Director Michael McGrath authorized and implemented unconstitutional policies and procedures regarding protesters exercising their First Amendment rights.

15. Furthermore, the violation of Plaintiff's First and Fourth Amendment rights occurred because Defendants City of Cleveland, Mayor Frank Jackson, Chief Calvin Williams, and Director Michael McGrath failed to supervise and train police officers, including Defendant Kazimer, not to retaliate or use excessive force against individuals exercising their First Amendment rights during protests.

16. The training and supervision provided by Defendants City of Cleveland, Mayor Frank Jackson, Chief Calvin Williams, and Director Michael McGrath was deliberately indifferent to the safety of the citizens, including citizens such as Ryan O'Connor.

17. These failures by Defendants City of Cleveland, Mayor Frank Jackson, Chief Calvin Williams, and Director Michael McGrath constitute a pattern and practice, a custom of tolerance, a custom of inaction, a custom of ratification and were the moving force behind the constitutional violations and harm suffered by Mr. O'Connor.

## II. **JURISDICTION**

18. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

19. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

20. Venue is proper in this division.

## III. **THE PARTIES**

21. Plaintiff Ryan O'Connor was a resident of Cuyahoga County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

22. Defendant City of Cleveland is a unit of local government organized under laws of the State of Ohio. Defendant City of Cleveland is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

23. Defendant Mayor Frank Jackson was at all times relevant to this action the Mayor of the City of Cleveland, Ohio. As Mayor, it is Defendant Jackson's duty to act as chief conservator of the peace within the City. Defendant Jackson is sued in his official capacity. Defendant Jackson is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. Defendant Jackson is a final policy maker.

24. Defendant Chief Calvin Williams was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Williams is sued in his official capacity. Defendant Williams is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. Defendant Williams is a final policy maker.

25. Defendant Safety Service Director Michael McGrath was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant McGrath is sued in his official capacity. Defendant McGrath is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. Defendant McGrath is a final policy maker, even though he has since left the office of Safety Service Director.

26. Defendant John Kazimer was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Kazimer is sued in his individual and official capacities. Defendant Kazimer is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

27. John Does 1-5 were at all times relevant to this action employees of the City of Cleveland, Ohio, and/or employees of the Cuyahoga County Sheriff's Department. They are sued in their Official Capacities. They are final policymakers.

## IV.    FACTS

28. After witnessing the shocking murder of George Floyd, Plaintiff Ryan O'Connor decided that he would walk in protest of police brutality.

29. Being a new resident to the Cleveland area, Mr. O'Connor conducted an internet search and discovered the Cleveland protest that was scheduled for May 30, 2020.

30. Plaintiff arrived at the Free Stamp statue on the corner of Lakeside and East 9th Street in Cleveland, Ohio at the start of the protest at approximately 2:00 p.m..

31. Plaintiff then walked with peaceful protesters down to the Cuyahoga County Justice Center.

32. When Plaintiff arrived at the Justice Center, police officers began escalating the conflict.

33. At this time, Plaintiff, being a white male, decided that he would lawfully intervene and put himself in between protesters and police because he feared that the young black protesters would be assaulted by officers.

34. As Plaintiff attempted to lawfully intervene and de-escalate the tense situation, he spotted Defendant John Kazimer.

35. Defendant Kazimer was angrily, gratuitously, aggressively, deliberately and recklessly swinging his baton back and forth at protesters and pointing at protesters with his baton raised in the air.

36. Again, Mr. O'Connor attempted to lawfully intervene to prevent Defendant Kazimer from attacking protesters with his baton.

37. Mr. O'Connor was then able to put some space between protesters and Defendant Kazimer.

38. However, Defendant Kazimer continued his threatening and aggressive gratuitous behavior which caused Mr. O'Connor to plead for him to stop.

39. After Mr. O'Connor called for Defendant Kazimer to stop, he turned his attention back to the protesters who were keeping their distance from police.

40. Defendant Kazimer then viciously, gratuitously, and unconstitutionally struck Mr. O'Connor in the legs three (3) times with his baton from behind.

41. The unconstitutional attack caused one witnesses to shout, "An innocent man was just attacked! A peacemaker! A peacemaker was just attacked!"

42. Mr. O'Connor, in disbelief that he had been attacked for trying to help, then yelled to Defendant Kazimer, "I was trying to help you."

43. Defendant Kazimer, who swore to uphold the Constitution, retaliated against Mr. O'Connor for exercising his First Amendment rights.

44. Defendant Kazimer, who swore to uphold the Constitution, used excessive, gratuitous and unconstitutional force against Mr. O'Connor in violation of Mr. O'Connor's Fourth Amendment rights.

45. Approximately 30 minutes later, Defendant Kazimer walked up to another peaceful protester and deliberately and gratuitously sprayed her in the face with pepper spray.

46. Defendants the City of Cleveland, Mayor Jackson, Chief Williams, and Safety Director McGrath knew that the May 30, 2020 protest was scheduled, yet they failed to have adequate policies and procedures in place to protect the constitutional rights of protesters.

47. Defendants the City of Cleveland, Mayor Jackson, Chief Williams, and Safety Director McGrath knew that the May 30, 2020 protest was scheduled, yet they failed to properly

train officers, including Defendant Kazimer, on mandatory First Amendment rights of protesters.

48. Defendants the City of Cleveland, Mayor Jackson, Chief Williams, and Safety Director McGrath knew that the May 30, 2020 protest was scheduled, yet they failed to supervise officers, including Defendant Kazimer, to ensure that the constitutional rights of the protesters were protected.

49. Defendants the City of Cleveland, Mayor Jackson, Chief Williams, and Safety Director McGrath completely ignored the lessons they should have learned from the 2016 Republican National Convention when protesters' constitutional rights were, as part of a pattern and practice, custom of tolerance, custom of inaction and custom of ratification, repeatedly violated by Cleveland police officers.

50. Although Defendant Kazimer is under investigation by internal affairs, it is clear that the video that surfaced [1], and not Defendant Kazimer's unconstitutional conduct, prompted this investigation.

## V. CLAIMS

**FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 FIRST AMENDMENT VIOLATION FOR RETALIATION
(AGAINST DEFENDANT JOHN KAZIMER)**

51. Each of the paragraphs of this Complaint are incorporated as if fully restated herein.

52. A public official's retaliation against an individual exercising his First Amendment rights is a violation of § 1983.

53. Mr. O'Connor was engaged in constitutionally protected activity, exercising his clearly established First Amendment rights to protest.

---

[1] https://www.news5cleveland.com/news/local-news/investigations/cpd-officer-who-appears-to-strike-protester-also-under-investigation-for-pepper-spraying-another

54. In an effort to stop Mr. O'Connor from exercising his First Amendment rights, Defendant Kazimer retaliated against him when he unconstitutionally attacked Mr. O'Connor with his baton.

55. Defendant Kazimer, under color of law, violated Mr. O'Connor's First Amendment right of free speech under the First Amendment as applied to the States through the First and Fourteenth Amendments.

56. Defendant Kazimer's unconstitutional attack on Mr. O'Connor was unlawful and malicious and worthy of substantial sanction to punish and deter Defendant Kazimer from engaging in this egregious unconstitutional conduct in the future.

### SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 FOURTH AMENDMENT VIOLATION FOR EXCESSIVE FORCE (AGAINST DEFENDANT JOHN KAZIMER

57. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

58. Kazimer, under color of law, deprived Plaintiff Ryan O'Connor of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from excessive force under the Fourth Amendment as applied to the States through the Fourth and Fourteenth Amendments.

59. Defendant Kaimer used excessive force when he unconstitutionally attacked Mr. O'Connor with his baton, striking him in the legs three (3) times.

60. Defendant Kazimer's unconstitutional attack on Mr. O'Connor was unlawful and malicious and worthy of substantial sanction to punish and deter Defendant Kazimer from engaging in this egregious unconstitutional conduct.

### THIRD CAUSE OF ACTION–ASSAULT AND BATTERY
### (AGAINST DEFENDANT JOHN KAZIMER)

61. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

62. Under Ohio law, Defendant Kazimer's acts of touching against Plaintiff O'Connor without his consent constitute battery.

63. Defendant Kazimer engaged in an unprivileged, intentional, harmful, offensive touching of Mr. O'Connor.

64. Defendant Kazimer's battery was a direct and proximate cause of Mr. O'Connor's injuries.

65. As a direct and proximate result of the unprovoked, intentional, harmful, and offensive touching by Defendant Kazimer on Mr. O'Connor, he suffered physical injuries to his legs and/or feet as well as mental injuries.

### FOURTH CAUSE OF ACTION– MONELL CLAIM
### (AGAINST THE CITY OF CLEVELAND, MAYOR FRANK JACKSON, POLICE CHIEF CALVIN WILLIAMS, AND SAFETY DIRECTOR MICHAEL MCGRATH, AND JOHN DOES 1-5)

66. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

67. Defendants the City of Cleveland, Jackson, Williams, and McGrath failed to develop, implement, and enforce policies and procedures that ensure the rights of citizens to exercise their First Amendment rights.

68. Defendants the City of Cleveland, Jackson, Williams, and McGrath implemented and authorized unconstitutional policies and procedures regarding protesters exercising their First Amendment rights.

69. Defendants the City of Cleveland, Jackson, Williams, and McGrath failed to supervise and train Cleveland police officers, including Defendant Kazimer, not to retaliate or use

10

excessive force against individuals exercising their First Amendment rights during protests.

70. The training and supervision by Defendants the City of Cleveland, Jackson, Williams, and McGrath was deliberately indifferent to the safety of citizens, including Plaintiff Ryan O'Connor.

71. Defendants the City of Cleveland, Jackson, Williams, and McGrath only launched an internal investigation into Defendant Kazimer because video of his conduct emerged on news channels.

72. The conduct of Defendants the City of Cleveland, Jackson, Williams, and McGrath identified above constitutes a pattern and practice, custom of inaction, custom of tolerance, custom of inaction and amounts to a moving force behind the constitutional violations and injuries inflicted upon Plaintiff Ryan O'Connor.

73. The unconstitutional attack on Mr. O'Connor and other protesters was unlawful and malicious and worthy of substantial sanction to punish and deter future egregious and unconstitutional conduct.

## VI.     DAMAGES

74. Plaintiff incorporates all paragraphs above as if fully rewritten herein.

75. Plaintiff states that as a direct and proximate result of the allegations and claims enumerated above he has suffered permanent physical and psychological injuries including but not limited to a damaged foot, injury to his back, and trauma to his psyche.

## VII.    JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs and disbursements;

D. Award Pre and post judgment interest;

E. Order the Defendants City of Cleveland, Jackson, Williams, and McGrath to develop, institute and enforce written policies for the Division of Police which adequately address protesters and First Amendment rights.

F. Grant Plaintiff such additional relief as the Court deems just and proper.

*/s/ Ian N. Friedman*  
IAN N. FRIEDMAN (0068630)  
ERIC F. LONG (0093197)  
MADELYN J. GRANT (0098165)  
FRIEDMAN & NEMECEK, L.L.C.  
1360 E. 9TH STREET, SUITE 650  
CLEVELAND, OHIO 44114  
PH. 216.928.7700  
inf@fanlegal.com  
efl@fanlegal.com  
mjg@fanlegal.com  

*/s/ Sara Gedeon*  
David B. Malik (0023763)  
Sara Gedeon (0085759)  
Malik Law  
8437 Mayfield Road Suite 101  
Chesterland, Ohio 44026  
(440) 729-8260  
(440) 490-1177  
david@davidmaliklaw.com  
sgedeon1021@gmail.com